**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

**THOMAS DUY and**
**JULIE DUY,**
**5204 N. Cambridge**
**Kansas City, Missouri 64119,**

**Plaintiff,**

**v.**

**DAVOL, INC.,**
a Delaware corporation,

SERVE: Registered Agent
CT Corporation System
10 Weybosset Street
Providence, RI 02903

**C.R. BARD, INC.,**
a New Jersey corporation,

SERVE: Registered Agent
CT Corporation System
10 Weybosset Street
Providence, RI 02903

**Defendants.**

**Case No. 07-0574-CV-W-GAF**

**JURY TRIAL DEMANDED**

## COMPLAINT

COME NOW Plaintiffs Thomas Duy and Julie Duy, by and through their attorneys of record, and for their causes of action against defendants Davol, Inc. and C.R. Bard, Inc. ("defendants") allege and aver as follows:

## GENERAL ALLEGATIONS

### Parties

1. Plaintiff Thomas Duy ("plaintiff" or "Duy") is now and was at all times herein mentioned a citizen and resident of the State of Missouri, currently residing at 5204 N. Cambridge, Kansas City, Missouri 64119.

2. Plaintiff Julie Duy now and was at all times herein mentioned the lawful wife of plaintiff Thomas Duy and a citizen and resident of the State of Missouri, currently residing at 5204 N. Cambridge, Kansas City, Missouri 64119.

3. Defendant Davol, Inc. ("defendant" or "Davol") is a foreign corporation with its principal place of business at 100 Sockanosset Crossroads, P.O. Box 8500, Cranston, Rhode Island 02920. At all times relevant herein, Davol was doing business in the State of Missouri and designed, manufactured, labeled, tested, distributed, advertised, marketed, promoted and sold to distributors, physicians, hospitals and medical practitioners, certain Composix Kugel Mesh Patch ("Kugel Mesh Patch") hernia surgical repair products to be surgically implanted in patients throughout the United States, including the State of Missouri.

4. Defendant C.R. Bard, Inc. ("defendant" or "Bard") is a New Jersey corporation with its principal office and place of business at 730 Central Avenue, New Providence, New Jersey 07974. At all times relevant herein, Bard was in business in the State of Missouri and designed, manufactured, labeled, tested, distributed, advertised, marketed, promoted and sold to distributors, physicians, hospitals and medical practitioners, certain Kugel Mesh Patch hernia surgical repair products to be surgically implanted in patients throughout the United States, including the State of Missouri.

**Jurisdiction and Venue**

5. This Court has jurisdiction over this action by virtue of 28 U.S.C. §1332, because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs and because there is a complete diversity of citizenship between plaintiff and each defendant.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) by virtue of the fact that Davol and Bard's products were sold to and consumed by plaintiff in the State of Missouri and also because the defendants' actions and the facts giving rise to the claims set forth herein occurred in the State of Missouri, subjecting defendants to personal jurisdiction in this action and making it a "resident" of this judicial district.

7. This case involves the Composix Kugel Mesh Patch manufactured by defendants between 2001 and 2006. These Kugel patches were sold by defendants for implantation in patients in the course of hernia repair surgery.

8. The Kugel Mesh Patch, invented by Dr. Robert Kugel, is a polypropylene mesh prosthetic device developed to repair ventral hernias or hernias of the abdominal region. The Kugel Mesh Patch is inserted behind the hernia defect in the abdomen through a small incision. In order to fit through the small incision, the mesh is folded in half. Once inside the abdomen, the mesh redeploys as a result of a hard "memory recoil ring" (or "PET coil ring") that surrounds the mesh.

9. Due to defects in the design and manufacture of the Kugel Mesh Patch, the "memory recoil ring" that opens the patch can break under the stress of placement of the product in the intra-abdominal space. Once the memory recoil ring is broken, it can later come loose and cause serious injuries as it travels through the body. These injuries include, but are not limited

to, chronic abdominal wall inflammation, intestinal perforations, ring migration through the abdominal wall, infection, abscesses, bowel perforations, gastrointestinal leaks, bowel obstruction, sepsis, chronic intestinal fistula, pain, overall sickness and damage to internal organs and death.

10. As a result of this dangerous and defective condition, and the numerous serious injuries that have resulted, the FDA issued Class I recalls for a variety of the Kugel Mesh Patches manufactured and distributed by defendants. A Class I recall is the highest level of recall available to the FDA and is issued when the FDA believes that the medical product is dangerous or defective and predictably could cause serious health problems or death.

11. At all times relevant herein, defendants knew or, in the exercise of reasonable care, should have known that the Kugel Mesh Patches were such a danger because they were not properly designed, manufactured, labeled, tested, distributed, advertised, marketed, promoted and/or sold with proper warnings, were not suitable for the purpose they were intended, and they were unreasonably likely to injure the product's users.

12. On or about July 13, 2005, plaintiff underwent a hernia repair surgical procedure at North Kansas City Hospital in Kansas City, Missouri and, during the course thereof, plaintiff's physicans implanted one of the aforedescribed Kugel Mesh Patch hernia surgical repair product into his abdomen. The Kugel Mesh Patch implanted in plaintiff on or about July 13, 2005 was one of the Kugel Mesh Patches subject to the Class I FDA recall discussed above.

13. The Kugel Mesh Patch implanted in plaintiff on or about July 13, 2005, was designed, manufactured, labeled, tested, distributed, advertised, marketed, promoted and/or sold by defendants to be used by surgeons for hernia repair surgery and was further represented by defendants to be an appropriate and suitable product for such purpose.

14. As a direct and proximate result of defendants' defective design, manufacture, labeling, testing, distributing, advertising, marketing, promoting and/or sale of, and/or inadequate warnings regarding, the Kugel Mesh Patch hernia surgical repair products, plaintiff suffered multiple and severe painful injuries, including but not limited to, his hernia being intertwined with the Kugel Mesh Patch, severe abdominal pain and swelling, permanent disfigurement to his abdominal area, severe discomfort, anxiety, suffering, pain and injuries to his body as a whole. In addition, plaintiff has incurred medical bills and will need future medical care to treat the aforementioned injuries.

## COUNT I

### Negligence Against All Defendants

15. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

16. At all times relevant herein, defendants had a duty to exercise reasonable care in the design, manufacture, labeling, testing, distributing, advertising, marketing, promoting, warning and/or sale of the Kugel Mesh Patches into the stream of commerce, including a duty to ensure that the Kugel Mesh Patches did not cause users to suffer from reasonably foreseeable, dangerous side effects and serious health problems.

17. Defendants failed to exercise ordinary care in the design, manufacture, labeling, testing, distributing, advertising, marketing, promoting, warning and/or sale of Kugel Mesh Patches into the interstate commerce, and defendants knew or should have known that Kugel Mesh Patches created a high risk of unreasonable and foreseeable dangerous side effects, some of which are fatal.

18. Defendants breached their duty to plaintiff in one or more of the following respects, to-wit:

a. In the designing, manufacturing, labeling, testing, advertising, marketing, promoting, distributing, warning and/or sale of Kugel Mesh Patches in that it failed to use ordinary care so as to avoid causing serious side effects and risks to individuals receiving the Kugel Mesh Patches;

b. In failing to follow U.S. Food & Drug Administration ("FDA") good manufacturing practice by failing to properly investigate manifestations of the Kugel Mesh Patches over the years 2001 to 2006, by failing to adequately document reports of this fact, and by failing to exercise adequate quality control;

c. In failing in their duty to disclose or warn that adequate testing had not been performed which would have shown that use of Kugel Mesh Patches posed serious potential side effects and failing to fully and accurately warn of the symptoms, scope or severity of the side effects and medical conditions caused by and associated with the Kugel Mesh Patches;

d. In failing to disclose or warn of increased risk of injury from the use of Kugel Mesh Patches;

e. In failing to use qualified scientists or medical personnel in the design, manufacture, label, packaging, advertising, marketing, promoting, distributing, warning and/or sale of the Kugel Mesh Patches;

f. In failing to adequately, properly and timely test and inspect Kugel Mesh Patches to determine whether it was safe and effective;

g. In failing to report the true results of testing for safety and efficacy performed on Kugel Mesh Patches and refusing to withdraw Kugel Mesh Patches from the U.S. market in a timely fashion in light of the data information from tests, studies, adverse event reports concerning or relating to Kugel Mesh Patches;

h. In failing to ensure that the Kugel Mesh Patch was adequate or sufficient to maintain its integrity during normal use after implementation in the consumer/patient and failing to ensure that the Kugel Mesh Patch would perform as safely as an ordinary consumer/patient would expect.

19. Defendants knew or should have known that significant bodily injury was substantially likely to occur as a result of the defective and unreasonably dangerous design and manufacture of the Kugel Mesh Patch products described above.

20. As a result of the defective and unreasonably dangerous condition of the Kugel Mesh Patch, plaintiff sustained and will continue to sustain damages in the future, including but not limited to, the following:

a. Medical expenses in the past and future;

b. Permanent physical injury to his body as a whole;

c. Loss of income and loss of or diminution of the ability to earn income in the future;

d. Loss of enjoyment of life; and

e. Physical and mental pain, suffering and anxiety in the past and future.

21. The conduct of defendants as described above in continuing to market, promote, sell and distribute the Kugel Mesh Patches after obtaining actual knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed

complete indifference to or a conscious disregard for the safety of others, justifying an award of additional punitive damages in such sum as would serve to punish defendants and to deter defendants and others from like conduct.

WHEREFORE, Plaintiff Thomas Duy prays for judgment in Count I against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable, costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

**COUNT II**

**Strict Liability: Product Defect Against All Defendants**

22. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

23. At all times relevant herein, defendants designed, manufactured, labeled, packaged, advertised, marketed, distributed and/or sold Kugel Mesh Patches to distributors, physicians, hospitals and medical practitioners throughout the United States, including the State of Missouri.

24. At all times relevant herein, defendants intended for their Kugel Mesh Patches to be surgically implanted into members of the general public, including Thomas Duy, and knew or should have known that the product would be surgically implanted into members of the general public, including Thomas Duy.

25. The implantation of a Kugel Mesh Patch into Thomas Duy was reasonably foreseeable and was used in the manner for which it was intended by all defendants.

26. At all relevant times hereto,

a. Defendants were situated in the chain of commerce and transferred, sold, marketed, advertised or distributed Kugel Mesh Patches in the course of its regular business;

b. Kugel Mesh Patches were used by plaintiff in a manner reasonably anticipated and foreseeable and in the manner for which it was intended; and

c. Kugel Mesh Patches were in the same, or substantially the same, defective and unreasonably dangerous condition when put to their reasonably anticipated and foreseeable use.

27. Kugel Mesh Patches were defective and unreasonably dangerous when put to a reasonably anticipated and foreseeable use in that:

a. The memory recoil ring of the Kugel Mesh Patch is likely to malfunction after being implemented;

b. The Kugel Mesh Patch was not properly manufactured;

c. The Kugel Mesh Patch was defectively designed;

d. The Kugel Mesh Patch did not perform as safely as an ordinary consumer/patient would expect;

e. The Kugel Mesh Patch was inadequate or insufficient to maintain its integrity during normal use after implementation in the consumer/patient;

f. Defendants failed to properly and adequately warn of (a) through (e) above; and

g. Such further and additional defects as discovery and the evidence reveal.

28. The aforementioned defects, dangerous conditions and lack of warnings existed when the Kugel Mesh Patches were designed, manufactured, labeled, packaged, advertised,

marketed, distributed and/or sold by Defendants. At the time plaintiff underwent implantation of a Kugel Mesh Patch, it was being used in a manner reasonably anticipated and was in the same condition as when designed, manufactured, labeled, packaged, advertised, marketed, distributed and/or sold by defendants.

29. As a result of the defective and unreasonably dangerous condition of the Kugel Mesh Patch, plaintiff sustained and will continue to sustain damages in the future, including but not limited to, the following:

a. Medical expenses in the past and future;

b. Permanent physical injury to his body as a whole;

c. Loss of income and loss of or diminution of the ability to earn income in the future;

d. Loss of enjoyment of life; and

e. Physical and mental pain, suffering and anxiety in the past and future.

30. The conduct of defendants as described above in continuing to market, promote, sell and distribute the Kugel Mesh Patches after obtaining actual knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others, justifying an award of additional punitive damages in such sum as would serve to punish defendants and to deter defendants and others from like conduct.

WHEREFORE, Plaintiff Thomas Duy prays for judgment in Count II against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable, costs herein expended, punitive damages to punish

and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

**COUNT III**

**Strict Liability: Failure to Warn Against All Defendants**

31. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

32. At all times relevant herein, defendants designed, manufactured, labeled, packaged, advertised, marketed, distributed and/or sold Kugel Mesh Patches to distributors, physicians, hospitals and medical practitioners throughout the United States, including the State of Missouri.

33. At all times relevant herein, defendants intended for their Kugel Mesh Patches to be surgically implanted into members of the general public, including Thomas Duy, and knew or should have known that the product would be surgically implanted into members of the general public, including Thomas Duy.

34. Placement of the Kugel Mesh Patch into Thomas Duy was reasonably foreseeable and was used in the manner for which it was intended by all defendants.

35. At all relevant times hereto,

a. Defendants were situated in the chain of commerce and transferred, sold, marketed, advertised or distributed Kugel Mesh Patches in the course of its regular business;

b. Kugel Mesh Patches were used by plaintiff in a manner reasonably anticipated and foreseeable and in the manner for which it was intended;

c. Kugel Mesh Patches were in the same, or substantially the same, defective and unreasonably dangerous condition when put to their reasonably anticipated and foreseeable use; and

d. Kugel Mesh Patches lacked adequate warnings of its defective and unreasonably damgeros condition.

36. Kugel Mesh Patches were defective and unreasonably dangerous when put to a reasonably anticipated and foreseeable use in that:

a. The memory recoil ring of the Kugel Mesh Patch is likely to malfunction after being implemented;

b. The Kugel Mesh Patch was not properly manufactured;

c. The Kugel Mesh Patch was defectively designed;

d. The Kugel Mesh Patch did not perform as safely as an ordinary consumer/patient would expect;

e. The Kugel Mesh Patch was inadequate or insufficient to maintain its integrity during normal use after implementation in the consumer/patient;

f. Defendants failed to warn properly and adequately of a. through e. above;

g. Such further and additional defects as discovery and the evidence reveal.

37. Defendants did not give adequate warnings of the aforementioned dangerous conditions and defective nature of the Kugel Mesh Patches when it knew or should have known of its dangerous and defective nature.

38. The aforementioned defects, dangerous conditions and lack of warnings existed when the Kugel Mesh Patches were marketed, promoted, distributed and/or sold by defendants.

39. At the time of surgical implantation of the Kugel Mesh Patch into plaintiff, the Kugel Mesh Patch was being used in a manner reasonably anticipated and was in the same condition as when marketed, promoted, distributed and/or sold by defendants.

40. As a direct and proximate result of the defective and unreasonably dangerous condition of the Kugel Mesh Patch, plaintiff sustained and will continue to sustain damages in the future, including but not limited to, the following:

a. Medical expenses in the past and future;

b. Permanent physical injury to his body as a whole;

c. Loss of income and loss of or diminution of the ability to earn income in the future;

d. Loss of enjoyment of life;

e. Physical and mental pain, suffering and anxiety in the past and future.

41. The conduct of defendants as described above in continuing to market, promote, sell and distribute the Kugel Mesh Patches after obtaining actual knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others, justifying an award of additional punitive damages in such sum as would serve to punish defendants and to deter defendants and others from like conduct.

WHEREFORE, Plaintiff Thomas Duy prays for judgment in Count III against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable, costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

## COUNT IV

### Breach of Express Warranty against All Defendants

42. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

43. The aforementioned manufacturing, design, labeling, testing, distributing, advertising, marketing, promoting and selling of the aforesaid products were expressly warranted to be safe for use by plaintiff and other members of the general public.

44. At the time of the making of the express warranties, defendants had knowledge of the purpose for which the aforesaid products were to be used and warranted the same to be, in all respects, fit, safe and effective and proper for such purpose. The aforesaid products were unaccompanied by warnings of their dangerous propensities that were either known or knowable at the time of distribution.

45. Plaintiff and/or his health care providers reasonably relied upon the skill and judgment of defendants, and upon said express warranty, in using the aforesaid products. The warranty and representations were untrue in that the products caused severe injuries to plaintiff and were unsafe and, therefore, unsuited for the use for which they were intended.

46. As a direct and proximate result of the defective and unreasonably dangerous condition of the Kugel Mesh Patch, plaintiff sustained and will continue to sustain damages in the future, including but not limited to, the following:

a. Medical expenses in the past and future;

b. Permanent physical injury to his body as a whole;

c. Loss of income and loss of or diminution of the ability to earn income in the future;

d. Loss of enjoyment of life;

e. Physical and mental pain, suffering and anxiety in the past and future.

47. The conduct of defendants as described above in continuing to market, promote, sell and distribute the Kugel Mesh Patches after obtaining actual knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others, justifying an award of additional punitive damages in such sum as would serve to punish defendants and to deter defendants and others from like conduct.

WHEREFORE, Plaintiff Thomas Duy prays for judgment in Count IV against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable, costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

**COUNT V**

**Breach of Implied Warranty against All Defendants**

48. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

49. Defendants sold the Kugel Mesh Patches hernia surgical repair products which were implanted into plaintiff's abdomen, and prior to their implantation, defendant impliedly warranted to plaintiff, and to his physicians and health care providers, that the products were of merchantable quality and safe for the use for which they were intended.

50. At the time of the sale of the Kugel Mesh Patches hernia surgical repair products, defendants knew, or should have known, that they were intended to be used for the purpose of surgically inserting them into the body to repair hernias.

51. Plaintiff and/or his health care providers reasonably relied on defendants' judgment, statements and indications that the Kugel Mesh Patches were fit for such use.

52. When the Kugel Mesh Patches were distributed and sold by defendants, they were unsafe for their intended use, and not of merchantable quality, as warranted by defendants in that they had very dangerous propensities when put to their intended use and implanted into the patient's body and would cause serious injuries to the user.

53. As a direct and proximate result of the defective and unreasonably dangerous condition of the Kugel Mesh Patches, plaintiff sustained and will continue to sustain damages in the future, including but not limited to, the following:

a. Medical expenses in the past and future;

b. Permanent physical injury to his body as a whole;

c. Loss of income and loss of or diminution of the ability to earn income in the future;

d. Loss of enjoyment of life;

e. Physical and mental pain, suffering and anxiety in the past and future.

54. The conduct of defendants as described above in continuing to market, promote, sell and distribute the Kugel Mesh Patches after obtaining actual knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others, justifying an award of

additional punitive damages in such sum as would serve to punish defendants and to deter defendants and others from like conduct.

WHEREFORE, Plaintiff Thomas Duy prays for judgment in Count V against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable, costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

## COUNT VI

## Negligent Misrepresentation Against All Defendants

55. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

56. Defendants, as manufacturers, designers, marketers, advertisers, and distributors of Kugel Mesh Patches, and as the entities responsible for placing Kugel Mesh Patches into the stream of commerce for consumption, owed a duty to plaintiff and to the general to use reasonable care to communicate accurate information about Kugel Mesh Patches to plaintiff and to the general public. Specifically, they owed a duty to plaintiff to accurately, fully and truthfully represent the safety and efficacy of Kugel Mesh Patches, as well as the risks and benefits of Kugel Mesh Patches.

57. Defendants made material misrepresentations to the general public and to plaintiff that Kugel Mesh Patches and other hernia repair surgical products that such products had been clinically and laboratory tested, had a long history of safe use and were proven to be safe.

58. Defendants were negligent in misrepresenting the risks, benefits, safety, and efficacy of Kugel Mesh Patches to plaintiff because they knew or should have known that their

representations that Kugel Mesh Patches had a history of safe use, or that it was effective for hernia surgical repairs, were representations which were untrue or had not yet been adequately proven. Defendants were also negligent because they knew or should have known that Kugel Mesh Patches were not proven to be safe and effective as defendants represented to the general public.

59. Defendants intended for plaintiff and the general public to rely on their representations regarding the safety and efficacy of Kugel Mesh Patches and such representations were material to plaintiff's decision to purchase Kugel Mesh Patches.

60. Plaintiff and/or his health care providers relied on defendants' false and misleading representations when purchasing Kugel Mesh Patches, and he and his health care providers acted as reasonably prudent persons would have when relying on defendants' representations. In fact, thousands of people were relying on such representations because defendants were concealing the true facts.

61. As a direct and proximate result of the defective and unreasonably dangerous condition of the Kugel Mesh Patch, plaintiff sustained and will continue to sustain damages in the future, including but not limited to, the following:

a. Medical expenses in the past and future;

b. Permanent physical injury to his body as a whole;

c. Loss of income and loss of or diminution of the ability to earn income in the future;

d. Loss of enjoyment of life;

e. Physical and mental pain, suffering and anxiety in the past and future.

62. The conduct of defendants as described above in continuing to market, promote, sell and distribute the Kugel Mesh Patches after obtaining actual knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others, justifying an award of additional punitive damages in such sum as would serve to punish defendants and to deter defendants and others from like conduct.

WHEREFORE, Plaintiff Thomas Duy prays for judgment in Count VI against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable, costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

## COUNT VII

## Faudulent Misrepresentation Against All Defendants

63. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

64. Defendants made material misrepresentations to the general public, to plaintiff and his health care providers that Kugel Mesh Patches and other hernia repair surgical products had been clinically and laboratory tested, had a long history of safe use and were proven to be safe. Defendants also made false representations about the risks and benefits associated with Kugel Mesh Patches.

65. Defendants intended for plaintiff, his health care providers and/or the general public to rely on their representations regarding the safety and efficacy of Kugel Mesh Patches

and such representations were material to plaintiff and/or his health care providers' decision to purchase Kugel Mesh Patches.

66. Defendants' representations that Kugel Mesh Patches were safe, had a history of safe use and were clinically proven to be safe and effective were false.

67. Defendants knew that such representations were false and misleading or were without information to truly know whether Kugel Mesh Patches were safe and effective because defendants had data and information which showed that Kugel Mesh Patches caused chronic abdominal wall inflammation, intestinal perforations, ring migration through the abdominal wall, infection, abscesses, bowel perforations, gastrointestinal leaks, bowel obstruction, sepsis, chronic intestinal fistula, pain, overall sickness and damage to internal organs and death, as well as information that Kugel Mesh Patches' efficacy was limited.

68. Plaintiff and/or his health care providers relied on defendants' false and misleading representations when purchasing Kugel Mesh Patches, and they acted as reasonably prudent persons would have when relying on defendants' representations.

69. The conduct of defendants as described above in continuing to market, promote, sell and distribute the Kugel Mesh Patches after obtaining actual knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others, justifying an award of additional punitive damages in such sum as would serve to punish defendants and to deter defendants and others from like conduct.

WHEREFORE, Plaintiff Thomas Duy prays for judgment in Count VII against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable, costs herein expended, punitive damages to

punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

**COUNT VIII**

**Loss of Consortium**

70. Plaintiff Julie Duy incorporates by reference all preceding paragraphs as fully set forth herein and further allege as follows:

71. Plaintiff Julie Duy hereby sues for loss of consortium, love, society, household services, support, companionship, nurture, as well as emotional pain and anguish to the extent provided under the laws of the State of Missouri.

72. As a direct and proximate result of the defendant's negligence and failure to use ordinary care in the particulars set forth herein, plaintiff Julie Duy has been deprived of consortium, companionship, love, society, support, nurture, and household services.

73. As a direct and proximate result of the aforementioned acts and omissions by defendans, plaintiff Julie Duy has suffered pain and anguish and has been damaged.

WHEREFORE, Plaintiff Julie Duy prays for judgment in Count VIII against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable, costs herein expended and such other relief as the Court deems just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial in the United States District Court for the Western District of Missouri.

Respectfully submitted,

/s/ Jeffrey M. Kuntz

Thomas P. Cartmell MO #45366
Jeffrey M. Kuntz MO #52371
Thomas J. Preuss MO #54923
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, Missouri 64112
(816) 701-1100
(816) 531-2372 facsimile

Derek Potts MO #44882
Timothy Sifers MO #49386
The Potts Law Firm
715 May Street, Suite 100
Kansas City, Missouri 64105
(816) 931-2230
(816) 931-7030

ATTORNEYS FOR PLAINTIFFS
THOMAS AND JULIE DUY